12   131
49   360
12   131
57L 410

---

SKILLMAN, assignee, *vs.* HOLCOMB and others.

It would require a very strong case of fraud, mistake, surprise, or accident, to induce a court of equity to interfere with the completion of a sale upon *an execution at law.*

A purchaser at a sheriff's sale is not to lose his bid on account of a misunderstanding, in reference to a matter of law, on the part of the bystanders.

THE CHANCELLOR. I do not see upon the bill the least ground for an injunction.

It would take a very strong case of *fraud, mistake, surprise,* or *accident,* to induce this court to interfere with the completion of a sale upon *an execution at law.* All the cases referred to by complainant's counsel are where the court interfered with the execution of its *own process,* a very different thing from interfering with the process of another and independent tribunal.

Not one of the grounds stated in the bill would justify the court's interposing, even if the process in the sheriff's hands was issued out of this court.

1. That Mr. Abbott Morgan had no notice. He had all the notice the law requires.

2. That the sale was advertised only in one paper. That was all the law requires.

3. That the assignee was not present. It was his own fault. He knew of the sale. He was in the neighborhood. He does not say he would have bid more, if he had been there. He consented to the sale, after knowing all the circumstances.

4. The sheriff refused to adjourn. This was a matter within his discretion. No case can be found where this court has interfered with this discretion. There is no ground for supposing he acted fraudulently. His integrity is not impeached by the fact, that he was anxious to sell the property, so as to get rid of executing the writ of possession. This was natural. He used no artifice to carry out his desire. There is not a charge in the bill that the sheriff acted fraudulently. Indeed the bill seems studiously drawn to avoid such charge.

5. It was declared, at the sale, the building must come down. This was partially true. If the fact of the writ of possession being in the sheriff's hands, and that the building must be interfered with in order to execute the writ, had not been made known, such concealment would have been a fraud. The bill charges that these *representations* were made. It does not charge they were *misrepresentations*. In fact they were not.

6. That *Grant* did not bid for the property *himself*, but through an agent. He had a right to do this, and to get the property as cheap as he could.

7. That those present understood the house must come down. The purchaser is not to lose his bid on account of misunderstanding in reference to a matter of law on the part of the bystanders.

There is not one fact of fraud, mistake, or accident charged in the bill.

I repeat again, the cases referred to are not applicable. No case can be found where a Court of Chancery has set aside a sale *at law* upon the grounds stated in the cases cited.

The judgment dismissed with costs.